PERCURLAM:
*126 Claimant brought this action for damage sustained when a tree fell onto his property on County Route 68/4, Shelby Road, in Morgantown.[1] County Route 68/4, Shelby Road, is a road maintained by respondent in Monongalia County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 28, 1999. Claimant resides on County Route 68/4 which is a third priority paved road with a ten foot road surface. At the location in question, respondent has a thirty feet right of way, fifteen feet from the center of the road. Across the road from claimant’s residence, there were several large rotten trees, about fifteen to eighteen inches in diameter, leaning towards his residence. On two occasions in the months prior the incident, claimant went to respondent’s Monongalia office to inform it about the hazard that the trees potentially posed to travelers on County Route 68/4 as well as to his residence. On another occasion, claimant informed several of respondent’s employees, who were working in the area, of his concerns. During the night in question, a storm caused one of the large rotten trees to fall onto claimant’s property. The falling tree destroyed a handicap ramp claimant had installed onto his house, sheared off a side-view mirror on his van, and destroyed a Blue Spruce tree and four rose bushes.
Clamant sustained a loss in the sum of $559.88 as a result of the rotten tree falling onto his property. The handicap ramp was covered under claimant’s homeowner insurance policy for which he was responsible for the deductible feature of $250.00. While claimant had insurance coverage for his vehicle, he was responsible for the damage because the loss sustained to the vehicle, in the amount of $209.88, was the less than the deductible feature of $500.00. In addition, the four rose bushes were valued at $10.00 each. The Court estimates the value of the Blue Spruce tree at $60.00 based upon inquiries made of several tree nurseries in the Charleston area.
The position of respondent was that it did not have notice of the condition of the large trees across from claimant’s residence on County Route 68/4. Respondent asserted that a review of its records indicated that it had received no complaints regarding the condition of County Route 68/4. According to respondent’s daily work records, employees were dispatched to the area in question as s oon a s it 1 earned o f t he t ree f ailing o nto c laimant’s p roperty. I n t he f uture, respondent anticipates doing further work when the necessary equipment is available.
*127 The Court has previously held that when the evidence indicates that respondent h as notice o f a h azard, s uch as a 1 arge rotten tree, and a r easonable opportunity to remove it, respondent may be held liable. Jones v. Division of Highways, 21 Ct. Cl. 445 (1995).
In the present claim, the evidence adduced at the October 15, 1999, hearing established that respondent had notice regarding the condition of the trees across from claimant’s property on County Route 68/4. The Court is of the opinion that respondent’s failure to act after claimant personally gave notice to respondent about the particular tree across from his property constituted negligence for which claimant may recover.
In view of the foregoing, the Court is of the opinion to and does make an award to the claimant in the amount of $559.88.
Award of $559.88.

 Claimant originally filed a claim with two separate incidents. At the October 15, 1999, hearing the two separate claims were bifurcated, with one claim styled CC-99-325a and the present claim styled CC-99-325b.